61 687
59e 213
59e 217

CHARLES I. WOOSTER, PLAINTIFF IN ERROR, v. CHRISTOPHER FITZGERALD ET AL., DEFENDANTS IN ERROR.

[*Argued March 9th*, 1898; *decided June 20th*, 1898.]

On error to the Supreme Court. For the opinion of the Supreme Court, see *ante p.* 368.

For the plaintiff in error, *John J. Crandall.*

For the defendants in error, *James Buchanan.*

PER CURIAM.

The judgment of the Supreme Court is affirmed, for the reasons given by that court, except that we are unwilling to concur in all that was said as to the conclusiveness of our former decision.

The decree that was affirmed under that decision extended only to personalty, and could not work an estoppel of record in an action of ejectment. The Court of Chancery had no jurisdiction to try the title to lands, and the heirs-at-law of Benjamin D. Cooper were not parties to the suit in that capacity, but only as legatees.

As a precedent the decision ruled only the point expressly decided.

GARRISON, J. (dissenting). In my opinion the plaintiff in ejectment should have judgment. He has Benjamin D. Cooper's title by virtue of the power given by his will to his wife, Tacy, and by her executed by way of devise to the plaintiff. I find the rule to be that where one, who has no land but has the power to dispose of land, devises land, the devise is the execution of the power. *Sudg. Pow.* 235.

"The principle," said Chancellor Runyon, in *Meeker* v. *Breintnall,* 11 *Stew. Eq.* 345, 356, "is that where there is nothing for the will to operate upon except with reference to the power, it will operate as an execution of the power."

That Benjamin D. Cooper gave to his wife the power to dispose of his lands rests upon the unequivocal language of his will and upon the unambiguous decision of this court. 8 *Dick. Ch. Rep.* 682.

"As she shall see fit" is the only limitation placed by the testator upon the power of disposal he gave to his wife.

That this power could be exercised by will as well as by deed, is expressly held in *Cueman* v. *Broadnax,* 8 *Vroom* 508,

in this court, "where the power is given generally without defining the mode by which it must be exercised, it may be exercised either by deed or will." Yet it is now said that the plaintiff's title is bad because he got it by will and not by deed. It is said that this is so because the testator distributed "otherwise" the property remaining undisposed of at the time of his wife's death, and that he "devised over" the fee of his lands. Neither of these propositions can be found in the will. The words themselves can be but partially collected from the will, and then be reassembled only by omitting bodily from the sentence in which they occur a clause that negatives the contention.

I quote the will, placing the omitted clause in italics: "From and after the death of my wife, should she survive me, *otherwise from and after my death,* all of my estate, real, personal and mixed, which shall then remain, I order and direct," &c. The phrase "which shall *then* remain," in the testator's language, refers indifferently to *his own death* or that of his wife, if she survive him. He places no limitation in one event more than in the other. Obvious violence is done to his words if a qualification be imposed or a meaning given to them in one of these contingencies that they would not bear in the other. Nothing that he himself had legally disposed of would "*remain*" after his death to be distributed "otherwise," so, by his own category, nothing that his widow had disposed of *as she saw fit* would remain undisposed of at the time of her death. The sole justification for disregarding the express words of the testator disappears the moment the real language of his will is consulted. How far the notion of "a devise over" is responsible for this miscarriage of the testator's intention can only be surmised; but it is significant that both in the opinion of the court below and in the equity decision in this court the case is put as if the issue were between the power over the fee given by the testator to his wife and a devise of the fee by the testator himself, and is decided upon authorities that properly hold that in such case the

power is limited because of the "devise over." Where there is no "devise over" this doctrine can have no place, which is exactly the case with the will before us, in which there is no "devise over" *or devise of any kind.* The testator made no disposition, by his will, of the fee to his land which passed to and vested in his heirs-at-law, subject to be diverted by the execution of either of two powers—the first in point of time and importance was that given to his wife "if she saw fit" to exercise it, failing a diversion of the fee by her, the second power, viz., that given to the executors became operative for the benefit of certain legatees. Thus the controlling authority became of no effect because the essential facts are lacking.

The testator's scheme was clear and admirably framed. His wife was the primary object of his care—her welfare the main burden of his testamentary purpose. To her he gave all—indeed, more than all—for, in addition to the power to use and to sell, he gave to her the power "to dispose of the same as she shall see fit." *Some meaning* must be given to these words when *super*-added by a testator to the power to sell. It will not do to say that they add nothing—that they leave the power the same as if they had not been added to it. In this testator's will their meaning was great—was, in fact, of the essence of his plan for securing to his widow even more than a bestowal of the fee itself, for, by the power "to dispose" of his land—which, in common parlance, is the right "to will" it—he had secured to her, as he deemed, those expectant attentions from relatives and that anticipatory gratitude that proverbially waits upon self-interest. Only in case no one merited well of his wife—evinced by the fact that she died without having bestowed the reward upon anyone—did he provide for his own relatives, not for hers, who in that case would by the hypothesis have, in the judgment of his wife, proved unworthy. With this scheme plainly spread upon his will, the testator's widow, according to the special verdict, delivered to the plaintiff in ejectment a writing, the legal effect of which was to execute the power and to divert

to him the fee thus placed at her disposal. In my judgment this was a complete tradition of the title to the *locus in quo,* in accordance with the will of Benjamin D. Cooper.

*For affirmance*—THE CHANCELLOR, COLLINS, DIXON, LIPPINCOTT, VAN SYCKEL, ADAMS, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH. 10.

*For reversal*—GARRISON, BOGERT. 2.